LARRY L. BROWN et al., plaintiffs-petitioners, v. HON. ED J. KELLEY and HON. JOHN L. MCKINNEY, defendants-respondents.

No. 52585.

(Reported in 152 N.W.2d 275)

JULY 11, 1967.

Eugene Davis, of Des Moines, for applicants.

BECKER, J.—This is a certiorari action to test the legality of transfer of a civil case from the district court to the municipal court. The writ is granted and order entered thereon.

John A. Johnson filed suit against Larry L. Brown in the district court in Story County. The petition sought damages in the amount of $1500 as a result of a motor-vehicle collision. Appropriate pleadings put the case at issue. Thereupon Judge

Ed J. Kelley, as judge of the Story County District Court, entered an order on his own motion transferring the case to the municipal court at Ames. Judge John L. McKinney, as judge of the municipal court at Ames, set the case for trial. Application for writ of certiorari was then filed in this court.

The district courts and the municipal courts have concurrent jurisdiction of civil matters up to $2000. Code of Iowa, 1966, sections 604.1 and 602.14. No statutory or case law authority exists for transfer of civil cases from one court to the other when original jurisdiction has attached. It is otherwise in the criminal field. The district courts and the municipal courts also have concurrent jurisdiction over misdemeanor offenses. Code, 1966, sections 602.14 and 604.1. As to that class of cases section 769.33 provides:

"Transfer of misdemeanor cases. The judges of the district court shall have authority to transfer to the municipal court within their judicial district misdemeanor offenses for trial where either county attorney informations have been filed or indictments have been returned."

No similar statute is provided as to civil cases except as to adoption matters, section 600.1, and juvenile matters, sections 231.2 and 231.3. Authority to confer general jurisdiction in adoption and juvenile matters is conferred on district courts. But such authority is clearly limited to the areas covered by the statutes cited.

Without belaboring this matter we note 20 Am. Jur.2d, Courts, section 128, page 481, and 21 C. J. S., Courts, section 502, page 769, are authority for the proposition that a court has no power to transfer a cause in the absence of statutory authority.

Having no power to make the transfer the Story County District Court acted illegally when it made the order in question. All papers are ordered returned from the municipal court at Ames to the Story County District Court where the case is to be processed in the usual manner.—Writ granted with order thereon.

All JUSTICES concur.